1  James H. Berry, Jr. (State Bar No. 075834)
2  Kate LaQuay (State Bar No. 178250)
   LANDAU LAW LLP
3  1880 Century Park East, Suite 1101
   Los Angeles, California  90067
4  Telephone:  (310) 557-0050
   Facsimile:   (310) 557-0056
5  Email: jberry@Landaufirm.com
   Email: klaquay@Landaufirm.com

6  Attorneys for Defendant
   BOTTLING GROUP, LLC
7

8              UNITED STATES DISTRICT COURT

9        FOR THE CENTRAL DISTRICT OF CALIFORNIA

10                 SOUTHERN DIVISION

11

12  MARIO SANCHEZ,                    )  Case No. 8:20-cv-01492
                                      )
13             Plaintiff,             )  [Removal from Superior Court of
                                      )  California, County of Orange No. 30-
14        v.                          )  2020-01148233-CU-WT-CJC]
                                      )
15  BOTTLING GROUP, LLC dba           )  **NOTICE OF REMOVAL OF
    PEPSI BEVERAGES COMPANY;          )  ACTION UNDER 28 U.S.C. §§
16  and DOES 1 TO 50,                 )  1332(a)(1) AND 1441(a) OF
                                      )  DEFENDANT BOTTLING
17             Defendants.            )  GROUP, LLC**
                                      )
18                                    )  **[28 U.S.C. § 1446(a)]**
                                      )
19                                    )  **[Filed Concurrently with: 1) Civil
                                      )  Cover Sheet; 2) Certification and
20                                    )  Notice of Interested Parties; and 3)
                                      )  Appendix of Copies of State Court
21                                    )  Pleadings and Process Served on
                                      )  Defendant; Defendant's State Court
22                                    )  Answer]**
                                      )
23                                    )
                                      )
24                                    )
25

26

27

28

LANDAU LAW LLP

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332(a)(1) AND 1441(a)**

# TABLE OF CONTENTS

JURISDICTION ................................................................................................... 1

CITIZENSHIP OF THE PARTIES ...................................................................... 1

    Citizenship of Plaintiff ...................................................................... 1

    Citizenship of Defendant BOTTLING GROUP, LLC ................................... 2

"DEFENDANTS" WHOSE CITIZENSHIP MUST BE DISREGARDED ............. 4

    Fictitiously-Named Defendants ........................................................ 4

VENUE ............................................................................................................... 4

JOINDER/CONSENT BY ALL DEFENDANTS SERVED WITH THE
COMPLAINT ....................................................................................... 4

    Service of Complaint ......................................................................... 5

    Timely Removal ................................................................................ 5

AMOUNT IN CONTROVERSY ........................................................................ 5

CONCLUSION/CERTIFICATION PURSUANT TO 28 U.S.C. § 1446 .............. 12

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332(a)(1) AND 1441(a) OF
DEFENDANT BOTTLING GROUP, LLC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LANDAU LAW LLP

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION, TO PLAINTIFF MARIO SANCHEZ, AND TO HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(a), Defendant Bottling Group, LLC ("BGLLC"), hereby removes the above-entitled action from the Superior Court of the State of California, County of Orange, to the United States District Court for the Central District of California, Southern Division. The removal of this action is based on the following:

## JURISDICTION

1.      This is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by BGLLC pursuant to the provisions of 28 U.S.C. § 1441(a). As is more fully shown below, this is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

## CITIZENSHIP OF THE PARTIES

### *Citizenship of Plaintiff*

2.      Plaintiff Mario Sanchez ("Plaintiff" or "SANCHEZ") is an individual who resides in the State of California, and who is a citizen of the State of California. Plaintiff initiated a civil action now pending in the Superior Court for the State of California, in and for the County of Orange, entitled *Mario Sanchez v. Bottling Group, LLC, et al.*, Case No. 30-2020-01148233-CU-WT-CJC, on June 15, 2020 (the "State Court Action"). A true and correct copy of the Complaint filed by Plaintiff in the State Court Action (the "Complaint") is attached as Exhibit "A" to the Appendix of Copies of State Court Pleadings and Process served on Defendant; Defendant's State Court Answer ("Appendix") that is being filed concurrently herewith. The essence of Plaintiff's Complaint is that his employer discriminated or retaliated against him, and terminated his employment, because of

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332(a)(1) AND 1441(a) OF DEFENDANT BOTTLING GROUP, LLC**

a claimed disability. [Appendix, Ex. A (Complaint), ¶ 13, p. 3.]

3.     In his Complaint, Plaintiff alleged that "at all times herein relevant, [he] was an individual residing in the Los Angeles County, State of California." [*Id.*, ¶ 5, p. 2.] Plaintiff further alleged that he worked for BGLLC in Buena Park, California. [*Id.*, ¶ 14, p. 4.]

4.     BGLLC is informed and believes, and on that basis alleges, that, for purposes of diversity jurisdiction, Plaintiff was and is a resident and citizen of California both at the time he filed the State Court Action and the Complaint, and as of the time of filing of this Notice of Removal.

### *Citizenship of Defendant BOTTLING GROUP, LLC*

5.     Plaintiff's Complaint alleges that Defendant BGLLC is a "Delaware corporation, doing business in the State of California, County of Orange." [Appendix, Ex. A (Complaint), ¶ 6, p. 2.] BGLLC is now, and was when the State Court Action was commenced, a limited liability company organized and existing under the laws of the State of Delaware having its principal place of business in the State of New York. BGLLC's headquarters and its key officers and central management functions are now, and were when the State Court Action was commenced, in the State of New York.

6.     For purposes of diversity jurisdiction, and as a limited liability company, the citizenship of Defendant BGLLC is determined by the citizenship of the members of BGLLC. At the time that the Complaint was filed in the State Court Action, and at the time of the filing of this Notice of Removal, none of the members of BGLLC is or was a citizen of the State of California.

7.     The members of BGLLC were, as of the filing of this action and the Complaint in state court, and are, as of the date of this Notice of Removal: Pepsi Bottling Holdings, Inc. ("PBH"), a Delaware corporation, and Bottling Group Holdings, LLC ("BGH"). PBH and BGH both were, as of the filing of this action

LANDAU LAW LLP

LANDAU LAW LLP

on June 15, 2020, and are, as of the date of this Notice of Removal, Delaware entities with their principal place of business in the State of New York. Both PBH and BGH were, as of the filing of this action on June 15, 2020, and are, as of the date of this Notice of Removal, headquartered in the State of New York, and from there their key officers direct, control and coordinate the activities of PBH and BGH on a day-to-day basis. PBH and BGH are indirect subsidiaries of PepsiCo, Inc. ("PEPSICO"), their ultimate parent entity. (PEPSICO is a North Carolina corporation whose principal place of business is in the State of New York from which its key officers direct, control and coordinate its activities on a day-to-day basis.) For purposes of diversity jurisdiction, a corporation is a citizen in the state of its incorporation as well as the state of its principal place of business. 28 U.S.C. § 1332(c)(1). PBH therefore is a citizen of Delaware and New York.

8.      BGH is a limited liability company. For purposes of diversity jurisdiction, and as a limited liability company, the citizenship of BGH is determined by the citizenship of the members of BGH. The sole member of BGH was, as of the filing of this action and the Complaint in state court, and is, as of the date of this Notice of Removal, Pepsi-Cola Metropolitan Bottling Company, Inc. ("METROPOLITAN"). METROPOLITAN is a wholly-owned subsidiary of PEPSICO. METROPOLITAN was, as of the filing of this action and the Complaint in state court, and is, as of the date of this Notice of Removal, a New Jersey corporation with is principal place of business in the State of New York. METROPOLITAN was, as of the filing of this action and the Complaint in state court, and is, as of the date of this Notice of Removal, headquartered in the State of New York, and from there its key officers direct, control and coordinate the activities of METROPOLITAN on a day-to-day basis. For purposes of diversity jurisdiction, a corporation is a citizen in the state of its incorporation as well as the state of its principal place of business. 28 U.S.C. § 1332(c)(1). METROPOLITAN

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332(a)(1) AND 1441(a)
OF DEFENDANT BOTTLING GROUP, LLC

is a citizen of New Jersey and New York. BGH therefore is a citizen of Delaware, New Jersey and New York.

9. BGLLC is not, and has not been, directed, controlled or coordinated on a day-to-day basis from the State of California. BGLLC does not maintain corporate headquarters in California, and none of its high level officers is officed in California.

10. Accordingly, Defendant BGLLC at all times, including at the commencement of the State Court Action, and the filing of this Notice of Removal, is and was a citizen of Delaware, New Jersey and New York, and is not and was not a citizen of California.

## "DEFENDANTS" WHOSE CITIZENSHIP MUST BE DISREGARDED

### *Fictitiously-Named Defendants*

11. Plaintiff's Complaint names Does 1 through 50 as fictitiously-named defendants. [Appendix, Ex. A (Complaint), ¶ 8, p. 3.] The citizenship of fictitiously-named defendants should be disregarded for the purposes of determining whether diversity jurisdiction exists. 28 U.S.C. § 1441(b)(1); *see McCabe v. General Foods Corp.*, 811 F.2d 1136, 1339 (9th Cir. 1987) (*citing Bryant v. Ford Motor Co.*, 794 F.2d 450, 453 (9th Cir. 1986)).

### VENUE

12. Venue properly lies in the United States District Court for the Central District of California, pursuant to 28 U.S.C. § 1441(a). The State Court Action was filed in the Superior Court for the State of California, in and for the County of Orange. The United States District Court for the Central District of California, Southern Division, encompasses this territory. 28 U.S.C. § 84(c).

### JOINDER/CONSENT BY ALL DEFENDANTS SERVED WITH THE COMPLAINT

13. BGLLC is the sole named defendant in the State Court Action.

- 4 -
NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332(a)(1) AND 1441(a)
OF DEFENDANT BOTTLING GROUP, LLC

BGLLC is not aware of any fictitiously-named "Doe" defendant having been served with a copy of the Complaint in the State Court Action.

### *Service of Complaint*

14.     The Complaint was filed in the Superior Court on June 15, 2020. The Summons and Complaint were served on BGLLC on July 16, 2020.

### *Timely Removal*

15.     Accordingly, this Notice is filed within 30 days of the service of the Summons and Complaint on BGLLC, and removal to this Court is timely pursuant to 28 U.S.C. § 1446(b)(1).

### AMOUNT IN CONTROVERSY

16.     In his Complaint, Plaintiff alleges that beginning in March 2008, he was employed by BGLLC "as a Merchandiser" in Buena Park. [Appendix, Ex. A (Complaint), ¶ 14, at p. 4.] He further alleges that BGLLC terminated his employment "[o]n or about January 29, 2020," after he filed a workers' compensation claim based on an injury to his back that he sustained in November 2019. [*Id.*, ¶¶ 16 & 21, at p. 4.] Plaintiff alleges that BGLLC "raised unspecified, false allegations of inappropriate behavior" by Plaintiff as the reason for the termination of his employment, and asserts that the "termination was completely pretextual" and motivated "because of his disability." [*Id.*, ¶¶ 20-22, at p. 4.]

17.     Plaintiff claims that because of the allegedly wrongful conduct with respect to his employment, he "has suffered and will continue to suffer" all of the following: "[a] substantial reduction in past and current income and future income"; "[a] substantial injury and damage to his occupation and professional reputation"; "[e]xtreme humiliation, embarrassment, depression, sleeplessness, emotional pain, emotional distress, mental anguish, loss of enjoyment of life"; and "other losses." [*Id.*, ¶ 31, at p. 6.] He also claims that he "has incurred and will continue to incur medical expenses." [*Id.*, ¶ 83, at p. 15.]

LANDAU LAW LLP

18.     Plaintiff's Complaint asserts six purported claims for relief: (1) "Wrongful Termination in Violation of Public Policy (Cal. Gov't Code § 12940(a))"; (2) "Discrimination Based on Disability (Cal. Gov't Code § 12940, et seq.)"; (3) "Retaliation (Cal. Gov't Code § 12940(h))"; (4) "Failure to Take Reasonable Steps to Prevent Discrimination (Cal. Gov't Code § 12940(h))"; (5) "Failure to Provide Reasonable Accommodation (Cal. Gov't Code § 12940(k))"; and (6) "Failure to Engage in a Good Faith Interactive Process (Cal. Gov't Code § 12940(n))." The Complaint alleges that BGLLC acted "maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of the rights of Plaintiff," thereby entitling Plaintiff to "punitive damages." [*Id.*, ¶ 32, p. 6; *see also* Prayer, at p. 15.]

19.     By the Complaint, Plaintiff seeks damages of multiple types, including awards for:

- loss of wages, both past and future [Appendix, Ex. A (Complaint), ¶ 31(a), p. 6 ("Plaintiff has suffered *and will continue to suffer*…" loss of income) (*emphasis added*)], which losses Plaintiff claims are "substantial," and "in an amount in excess of the minimum jurisdiction of the" Superior Court of the State of California [*id.*, ¶ 81, p. 15];

- damage to his professional reputation [*id.*, ¶ 31(b)], which also is claimed to be "substantial";

- "extreme" emotional distress, including physical manifestations such as "sleeplessness" [*id.*, ¶ 31(c)], "in an amount in excess of the minimum jurisdiction of [the] court" [*id.*, ¶ 80, p. 14];

- past and future "medical expenses in an amount according to proof" [*id.*, ¶ 83, p. 15 ("Plaintiff has incurred *and will continue to incur* medical expenses…") (*emphasis added*)];

- 6 -

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332(a)(1) AND 1441(a)
OF DEFENDANT BOTTLING GROUP, LLC

- "attorneys' fees" [*id.* ¶ 82, p. 15 ("Plaintiff was required to and did retain attorneys, and is accordingly entitled to an award of attorney's fees according to proof")];
- "punitive damages" [*id.*, ¶ 84, p. 15]; and
- "prejudgment interest" [*id.*, ¶ 33, p. 6 & Prayer, at p. 15].

20.    "Determination of the value of the matter in controversy for purposes of federal jurisdiction is a federal question to be decided under federal standards." *Horton v. Liberty Mutual Ins. Co.*, 367 U.S. 348, 352 (1961). For purposes of determining whether the amount in controversy exceeds the minimum required for federal jurisdiction under 28 U.S.C. § 1332 ($75,000), the amount in controversy "is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-415 (9th Cir. 2018). For example, when a plaintiff's complaint asserts claims based on a purportedly unlawful termination, the amount in controversy as of the time of removal may include not only the plaintiff's lost wages as of the time of removal, but also lost future wages that would have been earned, if at all, after removal. *Wysinger v. Auto. Club of S. Cal.*, 157 Cal. App. 4th 413, 427 (2007). The Court must assume that the plaintiff will prevail on *all* of his claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002) (*citations omitted*).

21.    The Ninth Circuit confirmed in *Chavez v. JP Morgan Chase & Co.,* 888 F.3d 413 (9th Cir. 2018), that "the amount in controversy is not limited to damages incurred prior to removal—for example, it is not limited to wages a plaintiff-employee would have earned before removal (as opposed to after removal)." *Id.*, at 414-415. When a Plaintiff has alleged in his Complaint that he will suffer lost "future wages" as a result of a purportedly wrongful termination,

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332(a)(1) AND 1441(a) OF DEFENDANT BOTTLING GROUP, LLC

"those future wages are included in the amount in controversy" because the future wages are "'at stake' in the litigation" as of the time of removal. *Id.*, at 416.

22.     The amount in controversy for purposes of removal includes not only the amount sought as compensatory damages, but also amounts sought as punitive damages and attorneys' fees. "[A] court may consider a plaintiff's potential punitive damages" in determining the amount in controversy. *Ansley v. Metropolitan Life Ins. Co.,* 215 F.R.D. 575, 577 (D. Ariz. 2003) (*citing Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000)); *see also Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action"). Attorneys' fees "may be included in the amount in controversy" for the purpose of determining whether the threshold minimum has been met. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) ("where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy").

23.     In the Ninth Circuit, the standard for determining the amount in controversy depends on what the plaintiff's state court complaint did (or did not) allege about his or her claimed damages. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). If a plaintiff's state court complaint is silent as to the amount of damages claimed, the removing defendant has the burden to establish only that it is more probable than not that the amount claimed exceeds the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.* 102 F.3d 398, 403-04 (9th Cir. 1996). Again, the Court must assume that the plaintiff will prevail on *all* of his claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002) (*citations omitted*).

/ / /

/ / /

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332(a)(1) AND 1441(a)
OF DEFENDANT BOTTLING GROUP, LLC

LANDAU LAW LLP

24.     Plaintiff's Complaint is silent as to the precise amount of damages claimed. BGLLC therefore only needs to establish that it is more probable than not that the amount claimed exceeds the jurisdictional minimum of $75,000.

25.     The allegations of Plaintiff's Complaint make plain that it is more probable than not that the amount in controversy exceeds $75,000. Plaintiff alleges that he held the position of Merchandiser in Buena Park. [Appendix, Ex. A (Complaint), ¶ 14, p. 4.] Merchandisers in California typically earn cumulative compensation of approximately $45,000-50,000 annually, excluding the value of fringe benefits. BGLLC is informed and believes that during calendar year 2019 – the last full year of Plaintiff's employment – Plaintiff earned more than $53,000 working as a Merchandiser. The Complaint asserts that BGLLC wrongfully terminated Plaintiff's employment in January 2020 (seven months ago), and that Plaintiff has suffered "substantial" losses in earnings since then. [*Id.*, ¶ 31, p. 6.] Plaintiff's claimed damages for lost *past* wages, alone, is likely significant. But Plaintiff alleges also that he *"will continue to suffer"* substantial losses in earnings [*id.*, ¶ 31, p. 6 (*emphasis added*)], and therefore amounts he seeks as damages for "lost future wages []" are included in the amount in controversy." *Chavez*, 888 F.3d at 418. Further, Plaintiff's Complaint specifically asserts that his claimed "loss of tangible employment benefits including lost wages and fringe benefits [exceeds] the minimum jurisdiction of the" Superior Court of the State of California. [Appendix, Ex. A (Complaint), ¶ 81, p. 15.] The Civil Case Cover Sheet filed with Plaintiff's Complaint indicates that the action is an "unlimited" civil action. [Appendix, Ex. A (Civil Case Cover Sheet).] In California, an action is an "unlimited" civil action only if the amount in controversy is at least $25,000. Cal. Code Civ. Proc. § 85(a). Plaintiff's Complaint, therefore, seeks the recovery of at least $25,000 for claimed lost wages.

/ / /

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332(a)(1) AND 1441(a) OF DEFENDANT BOTTLING GROUP, LLC**

LANDAU LAW LLP

26.    In addition to damages for lost compensation, Plaintiff seeks multiple additional types of damages, including awards for:

- damage to his professional reputation [Appendix, Ex. A (Complaint), ¶ 31(b)], which is claimed to be "substantial";

- "extreme" emotional distress, including physical manifestations such as "sleeplessness" [*id.*, ¶ 31(c)], "in an amount in excess of the minimum jurisdiction of [the] court" [*id.*, ¶ 80, p. 14];

- past and future "medical expenses in an amount according to proof" [*id.*, ¶ 83, p. 15 ("Plaintiff has incurred *and will continue to incur* medical expenses…") (*emphasis added*)];

- "attorneys' fees" [*id.* ¶ 82, p. 15 ("Plaintiff was required to and did retain attorneys, and is accordingly entitled to an award of attorney's fees according to proof")];

- "punitive damages" [*id.*, ¶ 84, p. 15]; and

- "prejudgment interest" [*id.*, ¶ 33, p. 6 & Prayer, at p. 15].

Amounts sought for attorneys' fees, punitive damages or damages for claimed physical or emotional distress also must be considered in the total amount in controversy.

27.    Five of the claims for relief asserted in the Complaint are based on alleged violations of California's Fair Employment and Housing Act ("FEHA"). FEHA expressly permits the award of attorneys' fees to a prevailing plaintiff. *See* Cal. Gov't Code § 12965(b). The amount in controversy, therefore, includes amounts recoverable as attorneys' fees. The Ninth Circuit confirmed in 2018 that the amount of attorneys' fees "at stake" for purposes of determining the amount in controversy includes both plaintiff's future attorneys' fees as well as attorneys' fees incurred up to the date of removal. *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) (vacating order remanding action to state court).

- 10 -

LANDAU LAW LLP

District courts may "rely on their own knowledge of customary rates and their experience concerning reasonable and proper fees" for litigation. *Id.* at 795. In an employment action, an individual's award for attorneys' fees may exceed the amount of his compensatory damages. *Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002). Assuming this action could be brought to trial with minimal effort, Plaintiff's claimed attorneys' fees are reasonably likely to be substantial.

28.     Punitive damages also "are recoverable for FEHA violations." *Yeager v. Corr. Corp. of Am.*, 944 F.Supp.2d 913, 931 (E.D. Cal. 2013). In his Complaint, Plaintiff asserts that BGLLC acted "maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of the rights of Plaintiff." [Appendix, Ex. A (Complaint), ¶ 43, p. 8.] The amount in controversy, therefore, includes amounts potentially recoverable as punitive damages.

29.     The amount in controversy also includes amounts recoverable for emotional distress. Damages awarded for alleged non-economic losses in employment cases can be significant. *See Velez v. Roche*, 335 F.Supp.2d 1022, 1038-1040 (N.D. Cal. 2004); *Simmons v. PCR Technology,* 209 F.Supp.2d 1029, 1034 (N.D. Cal. 2002) (emotional distress damages in employment cases may be "substantial"). Emotional distress damages in actions alleging FEHA violations and wrongful termination often exceed $75,000. *See, e.g., Molina v. Target Corp.*, 2018 U.S. Dist. LEXIS 138316, at *9 (C.D. Cal. No. CV 18-03181-RSWL-FFM, Aug. 14, 2018) (assuming emotional distress damages of at least $75,000 and denying motion to remand). In his Complaint, Plaintiff alleges that he seeks damages for "mental anguish and emotional suffering in an amount in excess of the minimum jurisdiction of" the Superior Court of the State of California. [Appendix, Ex. A

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332(a)(1) AND 1441(a)
OF DEFENDANT BOTTLING GROUP, LLC

LANDAU LAW LLP

(Complaint), ¶ 80, p. 14.] Plaintiff's Complaint, therefore, seeks the recovery of at least $25,000 for his claimed emotional distress. Cal. Code Civ. Proc. § 85(a).

30.    BGLLC denies Plaintiff's claims and vigorously disputes that Plaintiff incurred any recoverable damages or that it is liable to Plaintiff in any amount. Nevertheless, the amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

31.    Therefore, the United States District Court has original jurisdiction of the above-captioned action pursuant to 28 U.S.C. §§ 1332 and 1441(a) as to each of the claims set forth in the Complaint and each count thereof.

32.    BGLLC denies and disputes Plaintiff's claims and contends that it has no liability to Plaintiff in any sum or amount. BGLLC reserves all rights and defenses.

**CONCLUSION/CERTIFICATION PURSUANT TO 28 U.S.C. § 1446**

BGLLC hereby removes this action to this Court for the reasons described above. BGLLC will give prompt notice of the removal of this action to this Court to all parties of record and to the clerk of the State Court Action, pursuant to 28 U.S.C. § 1446(d).

DATED:  August 11, 2020                    Respectfully submitted,

LANDAU LAW LLP
James H. Berry, Jr.
Kate LaQuay


By /s/ *James H. Berry, Jr.*
James H. Berry, Jr.
Attorneys for Defendant BOTTLING
GROUP, LLC

LANDAU LAW LLP

- 12 -

1

## PROOF OF SERVICE

2      I am employed in the County of Los Angeles, State of California.  I am over the age of
3 eighteen and not a party to the within action, and my business address is Landau Law LLP (the
"business"), 1880 Century Park East, Suite 1101, Los Angeles, California 90067.

4      On August 11, 2020, I caused the following document(s) to be served: **NOTICE OF
5 REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332(a)(1) AND 1441(a) OF DEFENDANT
BOTTLING GROUP, LLC** by placing a true and correct copy thereof enclosed in a sealed
envelope addressed as follows:

6

7    Dilip Vithlani, Esq.                         Jonathan J. Moon, Esq.
     Law Offices of Dilip Vithlani, APC           The Law Office of Jonathan J. Moon
8    18000 Studebaker Road, Suite 700             18000 Studebaker Road, Suite 700
     Cerritos, CA 90703                           Cerritos, CA 90703
     Tel: (562) 867-6622                          Tel: (213) 867-1908
9    Fax: (562) 867-6624                          Fax: (213) 402-6518

10   Attorneys for Plaintiff                      Attorneys for Plaintiff

11  **X**   **BY REGULAR U.S. MAIL:**  I am readily familiar with the business' practice for
12         collection and processing of correspondence for mailing with the United States Postal
           Service; such correspondence would be deposited with the United States Postal Service
13         the same day of deposit in the ordinary course of business.  I know that the envelope was
           sealed and, with postage thereon fully prepaid, placed for collection and mailing on this
14         date, following ordinary business practices, in the United States mail at Los Angeles,
           California.

15  **X**   **BY EMAIL TRANSMISSION:** I caused the forgoing to be sent by email transmission to
16         the following email addresses: dvithlani@icloud.com and jmoon@jmoonlaw.com

17  —     **BY FACSIMILE TRANSMISSION:**  I sent a true and complete copy of the
           document(s) described above by facsimile transmission to the telephone number(s) set
18         forth opposite the name(s) of the person(s) set forth above.

19  —     **BY FEDERAL EXPRESS OVERNIGHT DELIVERY OR OTHER EXPRESS
           OVERNIGHT SERVICE:**  I declare that the foregoing described document(s)
20         was(were) deposited on the date indicated below in a box or other facility regularly
           maintained by the express service carrier, or delivered to an authorized courier or driver
21         authorized by the express service carrier to receive documents, in an envelope or package
           designated by the express service carrier with delivery fees paid or provided for,
22         addressed to the person(s) on whom it is to be served, at the address as last given by that
           person on any document filed in the cause and served on this office.

23  —     **BY PERSONAL SERVICE:** I caused such envelope to be delivered by hand to the
24         above address(es).

25  **X**   (**Federal**)  I declare that I am employed in the office of a member of the bar of this court
           at whose direction the service was made.

26
       Executed on August 11, 2020, at Los Angeles, California.

27
                                                       /s/ *Deborah K. Diederich*
28                                                     Deborah K. Diederich

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332(a)(1) AND 1441(a)
OF DEFENDANT BOTTLING GROUP, LLC**

LANDAU LAW LLP