Electronically Filed by Superior Court of California, County of Orange, 06/15/2020 09:24:13 AM.
30-2020-01148233-CU-WT-CJC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By Brenda Sanchez, Deputy Clerk.

**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BOTTLING GROUP, LLC dba PEPSI BEVERAGES COMPANY; and
DOES 1 TO 50,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MARIO SANCHEZ,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Orange County Superior Court

700 W. Civic Center Dr., Santa Ana, California 92701

CASE NUMBER:
*(Número del Caso):*
30-2020-01148233-CU-WT-CJC

Judge Richard Lee

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Dilip Vithlani, 18000 Studebaker Road, Suite 700, Cerritos, CA 90703, (562) 867-6622
Jonathan J. Moon, 18000 Studebaker Road, Suite 700, Cerritos, CA 90703, (213) 867 1908

DATE: 06/15/2020    DAVID H. YAMASAKI, Clerk, by:    Brenda Sanchez    , Deputy
*(Fecha)*    Clerk of the Court    *(Secretario)*    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* **Bottling Group, LLC dba Pepsi Beverages Company**

   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☒ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

EXHIBIT A

Electronically Filed by Superior Court of California, County of Orange, 06/15/2020 09:24:13 AM.
30-2020-01148233-CU-WT-CJC - ROA # 3 - DAVID H. YAMASAKI, Clerk of the Court By Brenda Sanchez, Deputy Clerk.

| | | | |
|---|---|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):* | | | **FOR COURT USE ONLY** |

Dilip Vithlani, #199474
18000 Studebaker Road, Suite 700
Cerritos, CA 90703
TELEPHONE NO.: 562.867.6622          FAX NO.: 562.867.6624
ATTORNEY FOR *(Name):* Plaintiff MARIO SANCHEZ

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  ORANGE
STREET ADDRESS: 700 W. Civic Center Dr.
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center

CASE NAME:
Sanchez v. Bottling Group, LLC, et al.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | **CASE NUMBER:** |
|---|---|---|
| ☑ **Unlimited** ☐ **Limited** | ☐ **Counter** ☐ **Joinder** | 30-2020-01148233-CU-WT-CJC |
| (Amount demanded exceeds $25,000) | (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: Judge Richard Lee |
| | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☑ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.☑ monetary  b.☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action *(specify):* (6) Cal. Gov't Code 12940, et seq.
5. This case ☐ is ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 11, 2020
Jonathan J. Moon, Esq.
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

EXHIBIT A

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

EXHIBIT A

Electronically Filed by Superior Court of California, County of Orange, 06/15/2020 09:24:13 AM.
30-2020-01148233-CU-WT-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Brenda Sanchez, Deputy Clerk.

1  **LAW OFFICES OF DILIP VITHLANI, APC**
Dilip Vithlani, Esq. (SBN: 199474)
18000 Studebaker Road, Suite 700
2  Cerritos, CA 90703
Telephone: (562) 867-6622
3  Facsimile: (562) 867-6624
Email: dvithlani@icloud.com
4
**THE LAW OFFICE OF JONATHAN J. MOON**
5  Jonathan J. Moon, Esq. (SBN: 282522)
18000 Studebaker Road, Suite 700
6  Cerritos, CA 90703
Telephone: (213) 867-1908
7  Facsimile: (213) 402-6518
Email: jmoon@jmoonlaw.com
8
Attorneys for Plaintiff MARIO SANCHEZ
9

10              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11                      **FOR THE COUNTY OF ORANGE**

12                                        30-2020-01148233-CU-WT-CJC

13  MARIO SANCHEZ,                    CASE NO.: Assigned for all purposes:
                                               Judge Richard Lee
14          Plaintiff,              **COMPLAINT FOR:**
            vs.
15                                  (1) WRONGFUL TERMINATION IN
16  BOTTLING GROUP, LLC dba PEPSI        VIOLATION OF PUBLIC POLICY (Cal.
    BEVERAGES COMPANY; and DOES 1        Gov't Code § 12940(a));
17  TO 50,                          (2) DISCRIMINATION BASED ON
                                         DISABILITY (Cal. Gov't Code § 12940, et
18          Defendants.                   seq.);
                                    (3) RETALIATION (Cal. Gov't Code §
19                                       12940(h));
                                    (4) FAILURE TO TAKE REASONABLE
20                                       STEPS TO PREVENT
21                                       DISCRIMINATION(Cal. Gov't Code §
                                         12940(K));
22                                  (5) FAILURE TO PROVIDE REASONABLE
23                                       ACCOMMODATION (Cal. Gov't Code §
                                         12940(K));
24                                  (6) FAILURE TO ENGAGE IN A GOOD
25                                       FAITH INTERACTIVE PROCESS (Cal.
                                         Gov't Code § 12940(n)); AND
26
27                                  JURY TRIAL DEMANDED

28

---

COMPLAINT FOR DAMAGES - 1

EXHIBIT A

Plaintiff MARIO SANCHEZ (hereinafter "Plaintiff" or "SANCHEZ")alleges through his Counsels as follows:

### GENERAL ALLEGATIONS

1.      This is an action for violation of California's laws concerning employee discrimination based on disability.  BOTTLING GROUP, LLC dba PEPSI BEVERAGES COMPANY (Defendant "PEPSI");and DOES 1 through 50, inclusive, ("Defendants"):violated various California laws, wrongfully terminated Plaintiff in violation of public policy; discriminated against Plaintiff at his place of employment; failed to prevent discrimination of Plaintiff; failed to provide reasonable accommodations to Plaintiff; and retaliated against Plaintiff.

2.      Specifically, Defendants violated the provisions of the Fair Employment and Housing Act ("FEHA"), including but not limited to Government Code ("Gov. Code") sections 12900 and 12940 and violated Plaintiff's legal and other rights.

3.      All of these claims are the result of the intentional conduct of the Defendants and their blatant disregard for the laws of the state of California. Accordingly, this civil action seeks compensatory and punitive damages against Defendants for violations of Plaintiff's rights as set forth herein.

4.      Venue is proper in this Court because Defendants do substantial business and/or reside in Orange County, California, and employed Plaintiff in Orange County, California.

### THE PARTIES

5.      Plaintiff at all times herein relevant was an individual residing in the Los Angeles County, State of California.

6.      Plaintiff is informed and believes, and on that basis alleges, that Defendant PEPSI is a Delaware corporation, doing business in the State of California, County of Orange. Plaintiff is informed and believes that Defendant PEPSI is an "employer" as defined by California Gov. Code sections 12926(d), 12940(a), and 12940(j)(4)(A).

7.      At all times relevant to this complaint, Plaintiff was an employee of Defendant

1  PEPSI.  Plaintiff is informed and believes and based thereon alleges that Defendant PEPSI is
2  subject to suit under the California Fair Employment and Housing Act, Government code §
3  12900 et seq. ("FEHA") because it regularly employs five or more persons.

4         8.     The true names and capacities, whether individual, corporate, associate, or
5  otherwise, of defendants sued herein as Does 1 through 50, inclusive, are currently unknown
6  to Plaintiff, who therefore sues defendants by such fictitious names under section 474 of the
7  California Code of Civil Procedure.  Plaintiff is informed and believes, and based thereon
8  alleges, that each of the Defendants designated herein as a Doe are legally responsible in
9  some manner for the unlawful acts referred to herein.  Plaintiff will seek leave of court to
10  amend this Complaint to reflect the true names and capacities of the Defendants designated
11  hereinafter as Does when such identities become known.

12         9.     Plaintiff is informed and believes, and based thereon alleges, that each
13  Defendant acted in all respects pertinent to this action as an agent of the other Defendants,
14  carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts
15  of each of the Defendants are legally attributable to the other Defendants.

16         10.    Plaintiff is informed and believes, and based thereon alleges, that each of the
17  Defendant was the agent, servant, and employee of each of the other Co-Defendants, and in
18  doing the things alleged, acted in the course and scope of such agency and employment.

19         11.    At all relevant times, Plaintiff was entitled to protection under the FEHA.

20         12.    Plaintiff is and was at all relevant times hereto suffering from a disability.
21  Alternatively, Plaintiff was perceived by Defendant PEPSI as being suffering a disability
22  within the meaning of the FEHA.

23         13.    At all relevant times, Plaintiff had a disability and/or Defendant PEPSI
24  perceived that he had a physical disability.  Plaintiff further believes and thereon alleges that
25  because of his disability and request for a reasonable accommodation, Defendant FIRST
26  TRANSIT perceived him to be disabled and therefore terminated his employment.

27  ///
28  ///

COMPLAINT FOR DAMAGES - 3

EXHIBIT A

1

**DEFENDANT'S ILLEGAL CONDUCT**

2    14.    In and around March 2008, Defendants hired Plaintiff as a Merchandiser at its
3    location at 6261 Caballero Blvd., Buena Park, California 90620.  Plaintiff's duties required
4    him to stock Supermarkets and other outlets with Defendant's products.

5    15.    Throughout Plaintiff's employment with Defendants, Plaintiff competently
6    performed all of his duties and responsibilities.

7    16.    In and around November 2019, Plaintiff, while working for Defendants, injured
8    his back (Plaintiff's " INJURY").  Plaintiff immediately notified his supervisor and filed a
9    workers' compensation claim.

10    17.    After Plaintiff's INJURY, Plaintiff was examined by his physician and was
11    instructed to return to work with work restrictions.  However, Defendants failed to engage
12    with Plaintiff in any interactive process to accommodate Plaintiff's work restrictions, and
13    required Plaintiff to perform duties against Plaintiff's work restrictions.

14    18.    In and around December 2019, Plaintiff was instructed to report at
15    HEALTHFIRST MEDICAL GROUP, INC. ("HEALTHFIRST") as a part of his treatment.

16    19.    Starting from December 2019 until his wrongful termination on or about
17    January 29, 2020, Plaintiff reported to HEALTHFIRST everyday as instructed by Defendants.

18    20.    On or about January 21, 2020, while Plaintiff was undergoing treatment at
19    HEALTHFIRST, Defendants raised unspecified, false allegations of inappropriate behavior
20    against Plaintiff and suspended Plaintiff's employment with Defendants.

21    21.    On or about January 29, 2020, Defendants terminated Plaintiff's employment
22    with Defendants.

23    22.    Plaintiff is informed and believes and on that basis alleges that the unspecified
24    "inappropriate behavior" used to justify Plaintiff's termination was completely pretextual, and
25    that Defendants instead terminated Plaintiff's employment because of his disability.

26    **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

27    23.    Within the time provided by law, Plaintiff filed a complaint with the California
28    Department of Fair Employment and Housing, in full compliance with these sections, and

COMPLAINT FOR DAMAGES - 4

EXHIBIT A

1   received and served the right-to-sue letter regarding his claims. A true and correct copy of the

2   right-to-sue letter is attached herewith as Exhibit "A".

3   ### FIRST CAUSE OF ACTION

4   ### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

5   **(Cal. Gov't Code § 12940(a));**

6   *(Against All Defendants)*

7   24.   Plaintiff realleges and incorporates by reference each and every allegation

8   contained in each and every aforementioned paragraph as though fully set forth herein.

9   25.   California Government code § 12940(a) makes it illegal for an employer

10  "because of...physical disability...to bar or to discharge a person from employment...or to

11  discrimination against the person in compensation or in terms, conditions, or privileges of

12  employment."

13  26.   Plaintiff is and was at all times relevant suffering from a physical disability

14  within the meaning of California Government Code § 12940(m) because Plaintiff suffered a

15  back injury which required Plaintiff to be placed on a medical leave.

16  27.   During Plaintiff's employment, Defendants and its agents engaged in actions

17  intentionally that resulted in Plaintiff being treated less favorably because of actual and/or

18  perceived disability. Plaintiff was barred and discharged from employment and discriminated

19  against in terms, conditions, or privileges of employment on the basis of his physical

20  disability and/or Plaintiff's physical disability was a motivating factor even though other

21  factors may have contributed to Defendants' actions, in violation California Government

22  Code § 12940(a).

23  28.   At all material points described herein, Plaintiff was treated differently than

24  similarly situated employees and/or otherwise subjected to unlawful discriminatory

25  employment practices as prohibited by the laws of California. The conduct, statements and

26  acts described herein were an ongoing part of a continuing scheme and course of conduct.

27  Defendants, in engaging in the aforementioned conduct, discriminated against Plaintiff on the

28  basis of his disability.

COMPLAINT FOR DAMAGES - 5

EXHIBIT A

29.     Defendants knew the substance of the above-described facts and circumstances and ratified the wrongs and injuries mentioned herein when it was their ability to prevent, remedy and/or correct these wrongs. Defendants further intentionally and willfully failed to ensure that their employees were informed of the law relevant to their duties to ensure that employees would not be required to participate in illegal conduct.

30.     Defendants have continued to ratify and have refused to remedy or correct the aforementioned conducting during and since Plaintiff's employment, notwithstanding the fact that company officials knew or reasonably should have known of the conduct and its unlawfulness.

31.     As a direct and proximate result of the aforementioned violations of statute and public policy, Plaintiff has suffered and will continue to suffer:

a.      A substantial reduction in past and current income and future income potential in sums as may be shown according to proof;

b.      A substantial injury and damage to his occupation and professional reputation in a sum as may be shown according to proof; and

c.      Extreme   humiliation,   embarrassment,   depression,   sleeplessness, emotional pain, emotional distress, mental anguish, loss of enjoyment of life and other loses from the date of said acts all to Plaintiff's damage in a sum as may be shown according to proof.

32.     Defendants committed the acts herein allegedly maliciously, fraudulently and oppressively with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of the rights of Plaintiff. As a result of these and other actions, Plaintiff is entitled to an award of punitive damages.

33.     In addition, as a proximate result of the wrongful conduct of Defendants, Plaintiff is entitled to attorneys' fees and prejudgment interest.

34.     Pursuant to California Government Code § 12965(b), Plaintiff requests the award of attorneys' fees against Defendants under the cause of action.

///

---

## SECOND CAUSE OF ACTION

### DISCRIMINATION BASED ON DISABILITY(Cal. Gov't Code §12940, et seq.)

### (Against All Defendants)

35.     Plaintiff realleges and incorporates by reference each and every allegation contained in each and every aforementioned paragraph as though fully set forth herein.

36.     California Government code § 12940(a) makes it illegal for an employer "because of...physical disability...to bar or to discharge a person from employment...or to discrimination against the person in compensation or in terms, conditions, or privileges of employment."

37.     Plaintiff is and was at all times relevant suffering from a physical disability and/or medical condition within the meaning of California Government Code §§ 12926 *et seq.* because Plaintiff suffered a back injury which required Plaintiff to be placed on a medical leave.

38.     During Plaintiff's employment, Defendants and its agents engaged in actions intentionally that resulted in Plaintiff being treated less favorably because of actual and/or perceived disability.  Plaintiff was barred and discharged from employment and discriminated against in terms, conditions, or privileges of employment on the basis of his physical disability and/or Plaintiff's physical disability was a motivating factor even though other factors may have contributed to Defendants' actions, in violation of California Government Code § 12940(a).

39.     At all material points described herein, Plaintiff was treated differently thansimilarly situated employees and/or otherwise subjected to unlawful discriminatory employment practices as prohibited by the laws of California.  The conduct, statements and acts described herein were an ongoing part of a continuing scheme and course of conduct. Defendants, in engaging in the aforementioned conduct, discriminated against Plaintiff on the basis of his disability.

40.     Defendants knew the substance of the above-described facts and circumstances and ratified the wrongs and injuries mentioned herein when it was their ability to prevent,

1   remedy and/or correct these wrongs. Defendants further intentionally and willfully failed to
2   ensure that their employees were informed of the law relevant to their duties to ensure that
3   employees would not be required to participate in illegal conduct.

4        41.    Defendants have continued to ratify and have refused to remedy or correct the
5   aforementioned conducting during and since Plaintiff's employment, notwithstanding the fact
6   that company officials knew or reasonably should have known of the conduct and its
7   unlawfulness.

8        42.    As a direct and proximate result of the aforementioned violations of statute and
9   public policy, Plaintiff has suffered and will continue to suffer:

10       a.    A substantial reduction in past and current income and future income
11  potential in sums as may be shown according to proof;

12       b.    A substantial injury and damage to his occupation and professional
13  reputation in a sum as may be shown according to proof; and

14       c.    Extreme humiliation, embarrassment, depression, sleeplessness,
15  emotional pain, emotional distress, mental anguish, loss of enjoyment of life and other loses
16  from the date of said acts all to Plaintiff's damage in a sum as may be shown according to
17  proof.

18       43.   Defendants committed the acts herein allegedly maliciously, fraudulently and
19  oppressively with the wrongful intention of injuring Plaintiff, from an improper and evil
20  motive amounting to malice, and in conscious disregard of the rights of Plaintiff. As a result
21  of these and other actions, Plaintiff is entitled to an award of punitive damages.

22       44.   In addition, as a proximate result of the wrongful conduct of Defendant,
23  Plaintiff is entitled to attorneys' fees and prejudgment interest.

24       45.   Pursuant to California Government Code § 12965(b), Plaintiff requests the
25  award of attorneys' fees against Defendant under the cause of action.
26  ///
27  ///
28  ///

COMPLAINT FOR DAMAGES - 8

EXHIBIT A

**THIRD CAUSE OF ACTION**

**RETALIATION(Cal. Gov't Code§12940(h))**

**(Against All Defendants)**

46.     Plaintiff realleges and incorporates by reference each and every allegation contained in each and every aforementioned paragraph as though fully set forth herein.

47.     The cause of action is brought pursuant to FEHA § 12900 et seq. of the Government Code making it illegal for an employer to discharge and/or retaliate against a person from employment on the basis of his or her disability.

48.     Plaintiff was and/or is suffering from a physical disability and/or medical condition under California Government Code §§ 12926 *et seq.* and thus falls within the protected category of California Government code §12940(a).

49.     Plaintiff was unlawfully terminated in retaliation for his disability and/or requesting an accommodation.

50.     At all material points described herein, Plaintiff was treated differently than similarly situated employees and/or otherwise subjected to unlawful discriminatory employment practices as prohibited by the laws of California.  The conduct, statements and acts described herein were an ongoing part of a continuing scheme and course of conduct. Defendants, in engaging in the aforementioned conduct, discriminated against Plaintiff on the basis of his disability.

51.     Defendants knew the substance of the above-described facts and circumstances and ratified the wrongs and injuries mentioned herein when it was their ability to prevent, remedy and/or correct these wrongs.  Defendants further intentionally and willfully failed to ensure that their employees were informed of the law relevant to their duties to ensure that employees would not be required to participate in illegal conduct.

52.     Defendants have continued to ratify and have refused to remedy or correct the aforementioned conducting during and since Plaintiff's employment, notwithstanding the fact that company officials knew or reasonably should have known of the conduct and its unlawfulness.

53.  As a direct and proximate result of the aforementioned violations of statute and public policy, Plaintiff has suffered and will continue to suffer:

a.  A substantial reduction in past and current income and future income potential in sums as may be shown according to proof;

b.  A substantial injury and damage to his occupation and professional reputation in a sum as may be shown according to proof; and

c.  Extreme humiliation, embarrassment, depression, sleeplessness, emotional pain, emotional distress, mental anguish, loss of enjoyment of life and other loses from the date of said acts all to Plaintiff's damage in a sum as may be shown according to proof.

54.  Defendants committed the acts herein allegedly maliciously, fraudulently and oppressively with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of the rights of Plaintiff.  As a result of these and other actions, Plaintiff is entitled to an award of punitive damages.

55.  In addition, as a proximate result of the wrongful conduct of Defendants, Plaintiff is entitled to attorneys' fees and prejudgment interest.

56.  Pursuant to California Government Code § 12965(b), Plaintiff requests the award of attorneys' fees against Defendants under the cause of action.

## FOURTH CAUSE OF ACTION

### FAILURE TO TAKE REASONABLE STEPS TO PREVENT DISCRIMINATION

### (Cal. Gov't Code § 12940(h))

### (Against All Defendants)

57.  Plaintiff realleges and incorporates by reference each and every allegation contained in each and every aforementioned paragraph as though fully set forth herein.

58.  In doing the things alleged herein, Defendants discriminated against Plaintiff in his employment on account of his disability and, knew or should have known of the discrimination being committed during Plaintiffs' employment and failed to take immediate and appropriate corrective action and failed to take all reasonable steps to prevent

COMPLAINT FOR DAMAGES - 10

EXHIBIT A

1    discrimination from occurring.

2        59.    Plaintiff was and/or is suffering from a physical disability and/or medical

3    condition under California Government Code §§ 12926 et seq. and thus falls within the

4    protected category of California Government code § 12940(a).

5        60.    Plaintiff was unlawfully terminated in retaliation for his disability and/or

6    requesting an accommodation. Furthermore, even after Defendants were notified by Plaintiff

7    and his physician of his disability and his requested accommodation, Defendants and its

8    agents and/or employees continued the acts alleged herein, thus failing to prevent disability

9    discrimination and further disability discrimination.

10       61.    At all material points described herein, Plaintiff was treated differently than

11   similarly situated employees and/or otherwise subjected to unlawful discriminatory

12   employment practices as prohibited by the laws of California.  The conduct, statements and

13   acts described herein were an ongoing part of a continuing scheme and course of conduct.

14   Defendants, in engaging in the aforementioned conduct, discriminated against Plaintiff on the

15   basis of his disability.

16       62.    Defendants knew the substance of the above-described facts and circumstances

17   and ratified the wrongs and injuries mentioned herein when it was their ability to prevent,

18   remedy and/or correct these wrongs.  Defendants further intentionally and willfully failed to

19   ensure that their employees were informed of the law relevant to their duties to ensure that

20   employees would not be required to participate in illegal conduct.

21       63.    Defendants have continued to ratify and have refused to remedy or correct the

22   aforementioned conducting during and since Plaintiff's employment, notwithstanding the fact

23   that company officials knew or reasonably should have known of the conduct and its

24   unlawfulness.

25       64.    As a direct and proximate result of the aforementioned violations of statute and

26   public policy, Plaintiff has suffered and will continue to suffer:

27           a.    A substantial reduction in past and current income and future income

28   potential in sums as may be shown according to proof;

---

COMPLAINT FOR DAMAGES - 11

EXHIBIT A

b.    A substantial injury and damage to his occupation and professional reputation in a sum as may be shown according to proof; and

c.    Extreme humiliation, embarrassment, depression, sleeplessness, emotional pain, emotional distress, mental anguish, loss of enjoyment of life and other loses from the date of said acts all to Plaintiff's damage in a sum as may be shown according to proof.

65.    Defendants committed the acts herein allegedly maliciously, fraudulently and oppressively with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of the rights of Plaintiff. As a result of these and other actions, Plaintiff is entitled to an award of punitive damages.

66.    In addition, as a proximate result of the wrongful conduct of Defendants, Plaintiff is entitled to attorneys' fees and prejudgment interest.

67.    Pursuant to California Government Code § 12965(b), Plaintiff requests the award of attorneys' fees against Defendant under the cause of action.

## FIFTH CAUSE OF ACTION

## FAILURE TO PROVIDE REASONABLE ACCOMMODATION

### (Cal. Gov't Code § 12940(k))

### (Against All Defendants)

68.    Plaintiff realleges and incorporates by reference each and every allegation contained in each and every aforementioned paragraph as though fully set forth herein.

69.    California Government Code § 12940(m) makes it unlawful for an employer to "fail to make reasonable accommodation for the known physical or mental disability of an applicant or employee"

70.    At all relevant times herein, Defendants knew and/or perceived that Plaintiff had a physical disability within the meaning of California Government Code §§ 12926 *et seq*. However, Defendants did not attempt to reasonably accommodate Plaintiff's medical disability.

---

71.     Making a reasonable accommodation includes reallocating or redistributing marginal job functions that an employee is unable to perform because of a disability and not terminating Plaintiff's employment with Defendant.   Allowing Plaintiff to take a medical leave of absence, would not have created an undue hardship on Defendants.   Such a small accommodation would not have required significant difficulty or expense.   The conduct, statements and acts described herein were an ongoing part of a continuing scheme and course of conduct.  Defendants knew of the above described facts and circumstances and ratified the wrongs and injures mentioned herein when it was their ability to prevent theses wrongs. Defendants further intentionally and willfully failed to ensure that their employees were informed of the law relevant to their duties to ensure that employees would not be required to participate in illegal conduct.

72.     Defendants have continued to ratify and have refused to remedy or correct the aforementioned conducting during and since Plaintiff's employment, notwithstanding the fact that company officials knew or reasonably should have known of the conduct and its unlawfulness.

73.     As a direct and proximate result of the aforementioned violations of statute and public policy, Plaintiff has suffered and will continue to suffer:

        a.     A substantial reduction in past and current income and future income potential in sums as may be shown according to proof;

        b.     A substantial injury and damage to his occupation and professional reputation in a sum as may be shown according to proof; and

        c.     Extreme   humiliation,   embarrassment,   depression,   sleeplessness, emotional pain, emotional distress, mental anguish, loss of enjoyment of life and other loses from the date of said acts all to Plaintiff's damage in a sum as may be shown according to proof.

74. Defendants committed the acts herein allegedly maliciously, fraudulently and oppressively with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of the rights of Plaintiff. As a result of these and other actions, Plaintiff is entitled to an award of punitive damages.

75. In addition, as a proximate result of the wrongful conduct of Defendants, Plaintiff is entitled to attorneys' fees and prejudgment interest.

76. Pursuant to California Government Code § 12965(b), Plaintiff requests the award of attorneys' fees against Defendant under the cause of action.

## SIXTH CAUSE OF ACTION

### FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS

### (Cal. Gov't Code § 12940(n))

### (Against All Defendants)

77. Plaintiff realleges and incorporates by reference each and every allegation contained in each and every aforementioned paragraph as though fully set forth herein.

78. Plaintiff was disabled within the meaning of FEHA, all as aforepled. Alternatively, Defendants perceived Plaintiff as being physically disabled.

79. Government Code Section 12940(n) requires an employer to engage in a good faith interactive process with a disabled employee to ascertain effective reasonable accommodations with an employee who requests same or needs such accommodations. The employer's failure to do so is a separate violation of FEHA.

80. The Defendants violated Government Code Section 12940(n) by failing to engage in said good faith interactive process with Plaintiff when he requested an accommodation. As a proximate result of the said violation of FEHA, Plaintiff has suffered mental anguish and emotional suffering in an amount in excess of the minimum jurisdiction of this court and according to proof.

81.     As a further proximate result of said violation of FEHA as aforepled, Plaintiff has suffered a loss of tangible employment benefits including lost wages and fringe benefits in an amount in excess of the minimum jurisdiction of the court and according to proof.

82.     As a further proximate result of the Defendants' violation of FEHA, Plaintiff was required to and did retain attorneys, and is accordingly entitled to an award of attorney's fees according to proof.

83.     As a further proximate result of said violation of FEHA, Plaintiff has incurred and will continue to incur medical expenses in an amount according to proof at the time of trial.

84.     The aforepled conduct constitutes malice, oppression, or fraud, thereby entitling Plaintiff to an award of punitive damages.  Plaintiff is informed and believes and thereon alleges that such conduct was taken by an officer or managing agent of the Defendants, or alternatively, authorized, ratified, or approved by an officer or managing agent of the Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment and relief against Defendant as follows:

1. For general damages, according to proof;
2. For special damages, according to proof;
3. For loss of earnings, according to proof;
4. For prejudgment interest, according to proof;
5. For reasonable attorney fees;
6. For punitive damages, according to proof;
7. That Defendants' violations as described above are found to have been willful and intentional; and
8. An award of such other and further relief that is proper and just.

Dated: June 11, 2020                    THE LAW OFFICE OF JONATHAN J. MOON

                                        _____
                                        BY: Jonathan J. Moon, Esq.
                                        Attorneys for Plaintiff
                                        MARIO SANCHEZ

## DEMAND FOR JURY TRIAL

Plaintiff MARIO SANCHEZ hereby demands a jury trial.

Dated: June 11, 2020                    THE LAW OFFICE OF JONATHAN J. MOON

                                        _____
                                        BY: Jonathan J. Moon, Esq.
                                        Attorneys for Plaintiff
                                        MARIO SANCHEZ

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**          KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

June 8, 2020

Jonathan Moon
18000 Studebaker Road, Suite 700
Cerritos, California 90703

RE:   **Notice to Complainant's Attorney**
      DFEH Matter Number: 202006-10362408
      Right to Sue: Sanchez / Bottling Group, LLC

Dear Jonathan Moon:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and
Housing Act, Government Code section 12900 et seq. Also attached is a copy of your
Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

EXHIBIT A



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                    KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

June 8, 2020

RE:   **Notice of Filing of Discrimination Complaint**
      DFEH Matter Number: 202006-10362408
      Right to Sue: Sanchez / Bottling Group, LLC

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit.
This case is not being investigated by DFEH and is being closed immediately. A copy of
the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing

EXHIBIT A

 STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING** ·                    KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

June 8, 2020

Mario Sanchez
11302 Virgina Ave.
Lynwood, California 90262

RE:    **Notice of Case Closure and Right to Sue**
       DFEH Matter Number: 202006-10362408
       Right to Sue: Sanchez / Bottling Group, LLC

Dear Mario Sanchez,

This letter informs you that the above-referenced complaint was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective June 8,
2020 because an immediate Right to Sue notice was requested. DFEH will take no
further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

EXHIBIT A

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
*Under the California Fair Employment and Housing Act*
*(Gov. Code, § 12900 et seq.)*

**In the Matter of the Complaint of**
Mario Sanchez                                             DFEH No. 202006-10362408

                        Complainant,

vs.

Bottling Group, LLC
1111 Westchester Avenue
White Plains, New York 10604

                        Respondents

1. Respondent **Bottling Group, LLC** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant **Mario Sanchez**, resides in the City of **Lynwood** State of **California.**

3. Complainant alleges that on or about **January 29, 2020**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's disability (physical or mental) and as a result of the discrimination was terminated, suspended, denied reasonable accommodation for a disability, denied family care or medical leave (cfra) (employers of 50 or more people).

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation and as a result was terminated, suspended, denied reasonable accommodation for a disability.

**Additional Complaint Details:** Claimant was employed by Respondents from March 2008 until his wrongful termination in January 29, 2020.  Claimant suffered from a work related injury in around November 2019 and was considered physically disabled.   On January 29, 2020 Respondents brought false allegations against Claimant and terminated Claimant's employment with Respondents.  Claimant

-1-
*Complaint – DFEH No. 202006-10362408*

Date Filed: June 8, 2020

EXHIBIT A

1  alleges that the false allegations made against Claimant was completely pretextual,
   and that Respondents instead terminated Claimant's employment due to his
2  disability.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                            -2-
                              *Complaint – DFEH No. 202006-10362408*

28  Date Filed: June 8, 2020


                              EXHIBIT A

1  VERIFICATION

2  I, **Jonathan J. Moon**, am the **Attorney** in the above-entitled complaint.  I have read
3  the foregoing complaint and know the contents thereof.   The matters alleged are
   based on information and belief, which I believe to be true.

4
   *On June 8, 2020, I declare under penalty of perjury under the laws of the State of*
5  California that the foregoing is true and correct.

6                                                                    **Cerritos, California**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
                                             **-3-**
27                              *Complaint – DFEH No. 202006-10362408*

28  Date Filed: June 8, 2020


                                    EXHIBIT A